IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02901–RM–KMT

XTOMIC, LLC, a Colorado limited liability company,

    Plaintiff,

v.

ACTIVE RELEASE TECHNIQUES, LLC, a Colorado limited liability company,
ART CORPORATE SOLUTIONS, INC., a Colorado corporation, and
ART BUSINESS SOLUTIONS, LLC, a Colorado limited liability company,

    Defendants.

---

## ORDER

---

    This matter is before the court on "Defendants' Motion to Stay" (Doc. No. 28 [Mot.], filed January 30, 2015). Plaintiff filed its response on February 20, 2015 (Doc. No. 38 [Resp.]), and Defendants filed their reply on February 27, 2015 (Doc. No. 40 [Reply]).

    This is a copyright infringement action. (*See* Doc. No. 1.) Defendants ask the Court to stay discovery in this case until after ruling on their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 17 U.S.C. § 411(a) (Doc. No. 30, filed February 5, 2015).

    Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–cv–01934–LTB–PAC, 2006 WL

894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2040, at 521–22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F .3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The first factor that the court considers is the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. *See String Cheese Incident*, 2006 WL 894955, at *2. On August 22, 2013, the ART Companies filed a complaint against Xtomic and three other entities in the El Paso County District Court ("State Court Case"). (See Doc. No. 1, Ex. A.) Plaintiff avers that it will be prejudiced by a delay in this case because it cannot assert or protect its copyrights in State Court Case. (Resp. at 15.) Defendants argue that the State Court dismissed Xtomic's copyright claims on June 18, 2014, that it waited until October 24, 2014 to file its Complaint in this action recently filed a motion to amend its Complaint for a second time. (Reply at 4.) The court agrees with the defendants that, because the copyright ownership issue is not relevant to the State Court Case, the prejudice of which Xtomic complains will not be resolved even if the motion to stay is denied, as the copyright issues are not relevant to the State Court Case. Moreover, the court agrees that, to the extent Plaintiff argues it will be prejudiced unless this matter is litigated and tried before July 2015, when the State Court Case is set for trial, it is extremely unlikely, given the posture of this case, that this case will be resolved prior to trial in the State Court Case. Thus, the Court finds that the first *String Cheese Incident* factor weighs in favor of the entry of a stay.

With regard to the second factor, Defendants argue that they will be prejudiced by being forced to engage in unnecessary discovery in this action while at the same time preparing for trial in the State Court Case. (Mot. at 13.) The court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden. Nevertheless, proceeding with discovery will be wasteful if the Court grants Defendants' Motion to Dismiss, which would

fully resolve the case. The court therefore finds that the second *String Cheese Incident* factor weights in favor of a stay.

With regard to the third factor, it is certainly more convenient for the court to stay discovery until it is clear that the case will proceed on its merits in this jurisdiction. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]"). The court therefore finds that the third *String Cheese Incident* factor weighs in favor of granting a stay.

With regard to the fourth factor, Defendant does not point to any nonparties with significant particularized interests in this case. Plaintiff argues Response that nonparties have been and continue to be directly impacted by its inability to exercise its copyrights. However, Plaintiff fails to specify any nonparties who have been affected or the impacts of the inability to exercise the copyrights. (See Resp. at 16.) Accordingly, the fourth *String Cheese Incident* factor is a neutral factor.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest, weighing in favor of a stay. The Court finds that the fifth *String Cheese Incident* factor is a neutral factor under the circumstances of this case.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss is appropriate. Accordingly, it is

**ORDERED** that "Defendants' Motion to Stay" (Doc. No. 28) is **GRANTED**. All discovery and deadlines in the case are STAYED pending ruling on the Motion to Dismiss. The

parties shall file a joint status report within ten days of ruling on the Motion to Dismiss to advise if a scheduling conference should be set.

Dated this 9th day of March, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

5